UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | 3:09-md-02100-DRH-PMF |
| | MDL No. 2100 |
| **This Document Relates to:** | **Judge David R. Herndon** |
| Walter Hamilton, et al., v. Bayer HealthCare Pharmaceuticals Inc., et al., No. 3:11-cv-13465-DRH-PMF | |

## ORDER DENYING MOTION TO STRIKE SUPPLEMENTAL REPORT OF DR. HENRY RINDER AND GRANTING MOTION TO COMPEL ADDITIONAL DEPOSITIONS OF DRS. RINDER AND MITCHELL BOTNEY

After reviewing the parties' arguments for and against striking the supplemental report of defendant Bayer's expert, Dr. Henry Rinder [Doc. 36], the Court hereby **DENIES** the motion. However, the Court **GRANTS** Bayer's Motion to Compel the Additional Depositions of Dr. Rinder and Dr. Mitchell Botney [Doc. 50], in a limited capacity. Each deposition may take no longer than thirty minutes per side and they shall be limited to scope of the documents in dispute.

### I. BACKGROUND

Defendant Bayer argues that three untimely reports have been served by plaintiffs' experts, Dr. Henry Rinder and Dr. Mitchell Botney. Specifically, Bayer objects to: Dr. Rinder's supplemental report served on April 13, 2017; Dr.

Rinder's affidavit that accompanied plaintiffs' opposition to Bayer's *Daubert* motion [Doc. 46]; and Dr. Botney's declaration that also supported plaintiffs' opposition [Doc. 47]. In addition to its claims of untimeliness, Bayer opposes the above reports due to the defense's inability to question the experts' allegedly new opinions that noregestimate pills should be treated the same as levonorgestrel pills. The comparison, Bayer argues, is important to question the experts on as it bears issue to whether a safer birth control pill was available at the time Ms. Kaitlin Hamilton suffered her injuries.

Specifically, Bayer challenges the classification of norgestimate as a second generation drug, as opposed to a third generation drug. By classifying norgestimate pills as second generation, Bayer argues that the studies comparing the use of Yasmin birth control to the undebated second generation drug, levonorgestrel, are then relevant to this case and the underlying issue of whether Yaz carries a higher venous thromboembolosim ("VTE") risk than second generation drugs. Defendants argue they require a chance to question Drs. Rinder and Botney about these allegedly new opinions pursuant to Federal Rules of Civil Procedure 30(a)(2)(ii) and 26(b)(1) and (2).

Bayer has also moved to strike Dr. Rinder's April 13th supplemental report for his classification of norgestimate as a second generation pill. [Doc. 36]. Bayer supports this motion by pointing to instances where plaintiffs' own experts have contradicted Dr. Rinder's supplemental report and called norgestimate a third generation pill, e.g. in Dr. John Maggio's 2011 expert report, and Bayer argues

that nothing has changed in the science for Dr. Rinder to now opine that norgestimate be classified a second generation drug.

Plaintiffs respond that their experts' opinions regarding the classification of norgestimate as a second generation pill are not new opinions – that Dr. Rinder has testified to the same at his February 13, 2017 deposition and that Dr. Botney's declaration just clarified his previous statements regarding second generation drugs. Thus, there is no need to take additional depositions as there are no new opinions to question. Plus, plaintiffs maintain that these norgestimate opinions are not even at odds with other plaintiff experts as Bayer suggested. Rather, plaintiffs' experts have always claimed that norgestimate can be classified as either a second *OR* third generation drug; that there is a legitimate split in the scientific community as to where norgestimate falls. Plaintiffs state that regardless of whether both classifications are proper, due to its similarities with levonorgestrel, norgestimate can properly be considered second generation, and thus, studies looking at levonorgestrel are useful to this case.

Finally, plaintiffs additionally oppose Bayer's motion to strike Dr. Rinder's April 2017 report as, according to plaintiffs, the remainder of Dr. Rinder's three-page supplemental report not discussing the classification of norgestimate, contains opinions in direct rebuttal to statements made at Bayer's expert, Dr. Gladys Tse's, deposition taken on March 7, 2017. According to plaintiffs, Dr. Tse made statements not before made in her expert report and therefore, Dr. Rinder had a duty under FRCP 26(e) to supplement his report.

## II. ANALYSIS

### a. Dr. Rinder's Supplemental Expert Report served on April 13, 2017 is Proper and Timely

Under Federal Rule of Civil Procedure 26(e)(1) and (2), a party has a duty to supplement his or her responses when it is learned that the response is now incomplete, and an expert witness has a duty to supplement both information contained in his or her report and/or given during a deposition. The Court is persuaded by plaintiffs' arguments that Dr. Rinder's three page supplemental report is proper and timely because it addresses the opinion of defense expert Dr. Tse, that Yaz and Yasmin should not be grouped together regarding VTE risk. Dr. Tse based her opinion to distinguish the two medications due to Yaz having a lower estrogen dose than Yasmin and also a different dosing schedule.[1] This opinion and distinction however, was not disclosed in Dr. Tse's expert report - rather she testified to it during her March 2017 deposition. Thus, Dr. Rinder's supplemental report ensures plaintiffs have a complete response to Dr. Tse's beliefs about the VTE risks of Yaz and Yasmin.

In requesting the Court strike Dr. Rinder's supplemental report, Bayer focuses solely on, wrongly, only one part of the three page report – the classification of norgestimate as a second generation pill. That alone is not enough reason to strike the report. Additionally, and as explained further below,

---

[1] The Court is aware that plaintiffs make an argument in their opposition to foreclose Bayer from arguing that VTE risk of Yaz is different than that of Yasmin. [Doc. 37 at p. 13]. The Court declines to take up that argument at this time.

the Court is granting Bayer the opportunity to take a second deposition of Dr. Rinder and will be able to further flesh out his opinions regarding norgestimate. Therefore, Bayer's arguments to strike based on Dr. Rinder's classification of norgestimate, are moot. Accordingly, Bayer's Motion to Strike the Untimely Supplemental Report of Dr. Henry Rinder is **DENIED**.

### b. An Additional Deposition for Each Dr. Rinder and Dr. Botney is Granted.

Given the argument that Dr. Rinder and Dr. Botney have offered new opinions on whether a safer birth control alternative was available to Ms. Hamilton had she not been prescribed Yaz, and the Court's allowing of Dr. Rinder's supplemental report, the Court hereby **GRANTS** Bayer's Motion to Compel. [Doc. 50].

In Dr. Rinder's original expert report, he offered the opinion that Kaitlin Hamilton's use of Yaz birth control caused her VTE, and had she taken a second generation birth control pill, she more than likely would not have suffered a VTE. *Rinder Report*, p. 10. On the same page, Dr. Rinder stated an example of a second generation drug as levonorgestrel. Then, during his deposition on February 13, 2017, Dr. Rinder repeated his example of levonorgestrel as a second generation drug. *Rinder Depo*. 2/13/17, 145:22-146:11. Similarly, Dr. Botney opined in his original expert report that birth control pills containing drospirenone (like Yaz) create a "2-fold or higher risk of VTE over that of Levonorgestrel [pills], sometimes referred to as 'second generation[.]'" *Botney*

*Report*, p. 3. Both experts used studies comparing Yasmin to levonorgestrel to support the conclusion that second generation drugs offered less risk of VTE.

Plaintiffs argue that in their supplemental reports, Drs. Rinder and Botney are simply clarifying their thoughts on what a second generation drug is, and that just because they both used levonorgestrel as an example of such drug, that does not mean that it is the *only* second generation classification out there. Plaintiffs further claim that it is each drugs' VTE risk that is important, not the semantics of second and third generation labels, therefore whether or not norgestimate was specifically used as an example of a "second generation" drug by their experts is not the relevant consideration.

Although plaintiffs make a solid argument that Bayer has already had an opportunity to question Drs. Rinder and Botney at their depositions to seek clarification of their opinions concerning what drugs may be considered second-generation, the Court believes that the experts was not abundantly clear in their classification of norgestimate until their supplemental reports, including the affidavit and declaration, were made. Because of this, Bayer shall be permitted to take an additional deposition of both Dr. Rinder and Dr. Botney pursuant to FRCP 30(a)(2). Importantly however, each deposition may not exceed more than twenty minutes per side, and for the case of Dr. Rinder, shall be limited in scope to the information contained in his April 2017 supplemental report and affidavit at Doc. 46, and for the case of Dr. Botney, shall be limited in scope to the information contained in his declaration at Doc. 47.

### III. CONCLUSION

For the reasoning stated above, the Court **DENIES** Bayer's Motion to Strike the Untimely Supplemental Report of Dr. Henry Rinder and **GRANTS** Bayer's Motion to Compel the Additional Depositions of Plaintiffs' Causation Experts Dr. Henry Rinder and Dr. Mitchell Botney, pending the limiting considerations already stated.

**IT IS SO ORDERED.**

Judge Herndon
2017.09.13
06:00:20 -05'00'

**United States District Judge**